BRUCE A. HARLAND, Bar No. 230477
EZEKIEL D. CARDER, Bar No. 206537
RYAN B. KADEVARI, Bar No. 302957
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  bharland@unioncounsel.net
         ecarder@unioncounsel.net
         rkadevari@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THE BOARD OF TRUSTEES IN THEIR CAPACITY AS TRUSTEES OF THE SEIU UHW-WEST & JOINT EMPLOYER EDUCATION FUND,<br><br>                     Plaintiffs,<br><br>      v.<br><br>CHA HOLLYWOOD MEDICAL CENTER, LP, D/B/A HOLLYWOOD PRESBYTERIAN MEDICAL CENTER.<br><br>                     Defendant. | No.<br><br>**COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION**<br><br>**(ERISA 29 U.S.C. §1001, ET SEQ., 29 U.S.C. §185)** |

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

Plaintiffs complain of Defendant, and for cause of action allege:

## JURISDICTION AND INTRADISTRICT ASSIGNMENT
### I.

This action arises under and is brought pursuant to section 502 of the Employee Retirement Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185).  Venue properly lies in this District Court since contributions are due and payable in the County of Alameda.  Therefore, intradistrict venue is proper.

## PARTIES
### II.

At all times material herein, Plaintiffs the Board of Trustees were Trustees of the SEIU UHW-West & Joint Employer Education Fund (hereinafter referred to as the "Trust Fund" or "Fund"). At all times material herein, the Fund was, and now is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the LMRA (29 U.S.C. § 186), and a multi-employer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132).  The Fund is administered by a Board of Trustees which may bring this action in the name of the Fund pursuant to the express provisions of the Trust Agreement governing and establishing the Fund.  The Fund and its respective Board of Trustees shall hereinafter be designated collectively as "Plaintiffs."

### III.

At all times material herein, CHA Hollywood Medical Center, LP, d/b/a Hollywood Presbyterian Medical Center (hereinafter referred to as "Defendant"), has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF
### IV.

At all relevant times, Defendant was signatory and bound to a written collective bargaining agreement between the Service Employees International Union Local 121 RN

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

1   (hereinafter "Union"), a labor organization within the meaning of section 301 of the LMRA (29

2   U.S.C. § 185).  A true and correct copy of the "SEIU Local 121RN Collective Bargaining

3   Agreement with HOLLYWOOD PRESBYTERIAN MEDICAL CENTER January 1, 2017 –

4   December 31, 2020" (the "Agreement") is attached hereto as Exhibit "A."  The Agreement, by its

5   terms, incorporates the Trust Agreement establishing the Fund.  By said Agreement, Defendant

6   promised that they would contribute and pay to Plaintiffs the hourly amounts required by said

7   Agreements for each hour paid for or worked by any of their employees who performed any work

8   covered by said Agreements, and that they would be subject to and bound by all of the terms,

9   provisions, and conditions of the Fund's Trust Agreement as incorporated by the terms of the

10   Agreement.

## V.

12      The Agreements provide for prompt payment of all employer contributions to the Trust

13   Fund and provide for the payment of liquidated damages and interest on all delinquent

14   contributions, attorneys' fees, and other collection costs, and for the audit of the signatory

15   employer or employers' books and records in order to permit the Plaintiffs to ascertain whether

16   all fringe benefit contributions have been timely paid as required by the applicable labor

17   agreements and law.

## FIRST CLAIM FOR RELIEF
### (AUDIT)
### VI.

20      The Board of Trustees have, as one of their purposes, the obligation to ensure that

21   contributions required to be made to said Trust Fund pursuant to collective bargaining agreements

22   are fully and correctly made.  The purposes of the Trust Fund is to provide employee training and

23   education benefits for healthcare employees on whose behalf contributions are made, which

24   benefits are supported by such contributions, and to ensure that employers who are signatories to

25   the collective bargaining agreements referred to herein comply with the terms of said agreements

26   with respect to payments of said contributions to the Fund.

27   / / /

28   / / /

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

**VII.**

By its terms, the Agreement binds the Defendants to the Trust Agreement establishing the Trust Fund, which provides at Article IV, Section 9, that:

> Upon request in writing from the Board, at the expense of the Trust Fund, any Employer will permit a Trust Fund Auditor to enter upon the premises of such Employer during business hours, at a reasonable time or times, not less than two (2) working days after such request, and to examine and copy such books, records, papers, or reports of such Employer as may be necessary to determine whether the Employer is making full and prompt payment of all sums required to be paid by him or it to the Fund.

**VIII.**

Plaintiffs cannot determine whether or not Defendant has made prompt and correct payment of all Fund contributions, and as a consequence, good cause appearing therefore, communications have been directed to the Defendants by representatives of Plaintiffs demanding that Defendant submit to an audit pursuant to the Agreement and Trust Agreement.  Copies of demand letters from Plaintiffs to Defendant dated April 26, 2018 and August 17, 2018, are attached hereto as Exhibits "B" and "C" and made a part hereof.

**IX.**

Defendant has failed, refused or neglected to allow the audit as requested for inspection of their books, records, papers, or reports in accordance with the provisions of the Trust Agreement. As a result of Defendant's refusal to submit to the audit, Plaintiffs are unable to ascertain the amount of damages, if any, suffered by the Trust Fund.  Plaintiffs have no adequate remedy at law, and the individual healthcare employees who are the beneficiaries of the respective Trust Fund, particularly the employees of Defendant, are damaged thereby and also have no adequate remedy at law.

**X.**

Plaintiffs are intended third-party beneficiaries of the collective bargaining agreements, but Trust Fund contribution delinquencies are excluded from the arbitration provision of said agreements.

/ / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

## XI.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreements.

## XII.

Plaintiffs are entitled to reasonable attorneys' fees, interest and other reasonable expenses incurred in connection with this matter due to Defendant's failure to allow the audit or refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable collective bargaining agreements, Trust Agreement, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

### SECOND CLAIM FOR RELIEF
### (BREACH OF CONTRACT)
### XIII.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

### XIV.

Defendant has failed, neglected or refused to allow Plaintiffs access to the records requested and needed to determine the exact amount of fringe benefit contributions owed to the Trust Fund in violation of the Agreements.

### THIRD CLAIM FOR RELIEF
### (ACTUAL DAMAGES FOR BREACH OF CONTRACT)
### XV.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

### XVI.

Defendant has failed, neglected and refused to make timely fringe benefit contributions as required by the applicable collective bargaining agreement and Trust Agreement, and have caused Plaintiffs actual damages to be proven at the time of trial.

### FOURTH CLAIM FOR RELIEF
### (INJUNCTION)
### XVII.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

/ / /

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

## XVIII.

Unless enjoined by this Court, Defendant will continue to fail, neglect to submit to an audit of books and records by the Trust Fund. Pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), the Court may award such other legal or equitable relief as the Court deems appropriate, and pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiffs are entitled to obtain appropriate relief for the breaches alleged herein.  Plaintiffs seek a mandatory injunctive order of this Court ordering and requiring Defendant to allow Plaintiffs' auditor access to the books and records of Defendant needed by Plaintiffs for Plaintiffs to verify the exact amounts owed by Defendant to the Trust Fund.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, CHA Hollywood Medical Center, LP, d/b/a Hollywood Presbyterian Medical Center, as follows:

1.      That Defendant be compelled to forthwith submit to a full audit by auditors selected by the Trust Fund at the premises of Defendant during business hours, at a reasonable time or times, and to allow said auditors to examine and copy such books, records, papers, reports of Defendant relevant to the enforcement of the collective bargaining agreement or the Trust Agreement, including but not limited to the following:

> State Quarterly Wage Reports; Electronic Payroll Reports; Copies of all payments made to the Trust Fund; documents detailing job classification; W-2's or equivalent electronic report; Annual Seniority lists; and collective bargaining agreements

2.      That Defendant be ordered to pay actual damages according to proof;

3.      That this Court issue an injunction compelling Defendant to forthwith cease their refusal to submit to an audit of their books, records, papers and reports as required by the agreements to which they are bound;

4.      That upon completion of the audit, Defendant be ordered to pay over to Plaintiffs such sums as shall be ascertained to be due from Defendant and interest on said sums;

5.      That this Court issue an Order directing and permanently enjoining Defendant to timely submit to Plaintiffs Trust Fund, all reports and contributions due and owing by Defendant plus interest, attorneys' fees, and costs as provided in ERISA sections 502(a)(3) and (g)(2) (29

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

1  U.S.C. § 1132(a)(3), (g)(2);

2        6.     That this Court issue an Order permanently enjoining Defendant for so long as

3  they remain obligated to contribute to Plaintiff Trust Fund, from failing, neglecting, or refusing to

4  timely submit required monthly contributions reports and payments as required by the terms of

5  the collective bargaining agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2),

6  (29 U.S.C. § 1132(a)(3), (g)(2));

7        7.     That Defendant be ordered to pay attorneys' fees;

8        8.     That Defendant be ordered to pay costs of suit herein;

9        9.      That this Court grant such further relief as this Court deems just and proper; and

10       10.    That this Court retain jurisdiction of this matter to enforce the Order compelling an

11  Audit and payment of all amount found due and owing.

12  Dated:  September 21, 2018              WEINBERG, ROGER & ROSENFELD
                                            A Professional Corporation
13

14                                          /s/ Ryan B. Kadevari
                                  By:    ───────────────────────────
15                                          RYAN B. KADEVARI
                                            BRUCE A. HARLAND
16                                          EZEKIEL D. CARDER
                                            Attorneys for Plaintiffs
17  145579\987612

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.